IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Turner, | ) | Civil Action No. 1:09-cv-2146-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff filed this action seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a Magistrate Judge for pretrial handling. As detailed herein, after a *de novo* review of the Record and Plaintiff's objections, this Court adopts the Report and Recommendation of the Magistrate Judge affirming the decision to deny benefits and incorporates that order herein. The Magistrate Judge has thoroughly addressed the Plaintiff's claims and this Court has considered Plaintiff's objections, many of which are simply a rehashing of Plaintiff's prior arguments. Therefore, this Court will not address these contentions a second time in light of the 52 page Report and Recommendation which is comprehensive and well-reasoned.

## Background

The Magistrate Judge issued a Report and Recommendation recommending that the decision of the Commissioner denying benefits be affirmed. (Dkt. No. 23). Plaintiff objected. (Dkt. No. 28). The Commissioner filed a reply. (Dkt. No. 32).

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

### Law/Analysis

This Court has reviewed the Record *de novo*, including Plaintiff's objections and the Commissioner's reply. While Plaintiff, in large part, relies on prior briefing and arguments therein presented to and addressed by the Magistrate Judge, this Court has explained below why affirmance is warranted.

Plaintiff argues that Dr. Kwofie's opinion was entitled to controlling weight. However, the ALJ has the discretion to give less weight to the opinion of a treating physician when there is "persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 176. In this matter, the ALJ found Dr. Kwofie's own treatment notes, as well as other record evidence, to be persuasive evidence contrary to his opinion of disability. (*See* Tr. 26–28).

The Record supports the ALJ's decision to discount Dr. Kwofie's opinion. *See Montgomery v. Chater*, No. 95-2851, 1997 WL 76937, at *1 (4th Cir. Feb. 25, 1997) (upholding the ALJ's finding that treating physician's opinion was not persuasive, in part, because his opinion was unsupported by contemporaneous treatment records). The ALJ specifically cited to Dr. Kwofie's medical records, noting they did not include specific clinical findings regarding Plaintiff's claims of back and neck pain, but that Dr. Kwofie's findings relied instead on Plaintiff's subjective complaints of pain. (Tr. at 28). The ALJ also cited the fact that Dr. Kwofie's findings included numerous reports that, on examination, Plaintiff was "doing well"

3

and that he was "stable." (Tr. at 28; Tr. at 516; Tr. at 517; Tr. at 518; Tr. at 519;Tr. at 530; Tr. at 529; Tr. at 536; Tr. at 535; and Tr. at 625). This Court concludes that these records alone provide the necessary evidence contrary to Dr. Kwofie's March 2008 opinion that Plaintiff was significantly limited in his ability to perform work. Plaintiff's argument that isolated MRIs and x-rays provide clinical evidence that could support Dr. Kwofie's opinion (Pl.'s Br. at 21–22) does not change this Court's analysis in denying benefits. The ALJ must examine the record as a whole in determining whether Plaintiff is entitled to benefits and Plaintiff's claim that the ALJ improperly focused on select evidence (Pl.'s Br. at 24) does not properly represent the state of the law on the issue in this District or beyond. The ALJ is not required to discuss each piece of evidence that could support a finding contrary to his findings. *See generally Jackson v. Astrue*, 8:08-2855-JFA, 2010 WL 500449 (D.S.C. Feb. 5, 2010) ("[A]n ALJ is not required to provide a written evaluation of every piece of evidence, but need only minimally articulate his reasoning so as to make a bridge between the evidence and its conclusions.") (internal quotation and citations omitted). Moreover, this Court is charged with determining whether the ALJ's findings are supported by substantial evidence and whether he applied the correct law. *See Harris v. Astrue*, 8:08-1675-DCN, 2010 WL 1027822 (D.S.C. Mar. 17, 2010) (noting proper rule and affirming ALJ's discounting portion of treating physician's opinion). The ALJ did so here in this matter.

Beyond a single questionnaire completed for use by the Social Security Administration, nothing in Dr. Kwofie's treatment records indicate that he imposed any restrictions on Plaintiff whatsoever. *See Lee v. Sullivan*, 945 F.2d 687, 693 (4th Cir. 1991) (noting it significant that no physician who had seen the claimant opined that he was disabled); *Doyle v. Astrue*, 6:07-3497-HFF, 2009 WL 424225, *12 (D.S.C. Feb. 19, 2009) (finding as fact that the treating physician's

records do not show that he placed any restrictions on claimant's activities supportive of ALJ's determination to give little weight to treating physician's opinion).

Plaintiff also contends that the Commissioner's discussion of his possible drug-seeking behavior was "an attempt to perform something of a character assassination in an effort to bias the Court into making a decision not based on the underlying law and true facts of the case." (Pl.'s Reply at 4). However, in this case, the ALJ fully considered Plaintiff's allegations of total disability and provided legitimate reasons supported by substantial evidence, in finding that he retained the ability to perform work activity at the level of substantial gainful employment. There is no merit to Plaintiff's argument that the ALJ's discussion of Plaintiff's drug-seeking behavior and improper use of pain medications was gratuitous. Plaintiff argues that only one physician made an isolated reference to this behavior. However, in his decision, the ALJ also noted other evidence regarding Plaintiff's drug usage, including Plaintiff's being discontinued as a patient at a pain clinic because he tested positive for having taken non-prescribed pain medication. (Tr. at 28). Thus, discussion of a claimant's improper drug use and drug-seeking behavior is appropriate in analyzing a claimant's credibility. *See, e.g., Anderson v. Shalala*, 51 F.3d 777, 780 (8th Cir. 1995) (when assessing credibility, the ALJ may properly consider a claimant's drug seeking behavior); *see also Shunkwiler v. Astrue*, 6:07-921-TLW, 2009 WL 302307 (D.S.C. Feb. 9, 2009) (same).

## Conclusion

For the foregoing reasons and those stated in the Report and Recommendation, the Court finds that Plaintiff has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. Thus, the decision denying benefits is **affirmed**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 6, 2011
Charleston, South Carolina

6